IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00053-FDW

| | |
|---|---|
| WILLIE T. BOBBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KEVIN INGRAM; FNU PRESELY; ) | |
| FNU SNIPES, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

Plaintiff is a state inmate confined in the Lanesboro Correctional Institution and in his complaint he alleges the defendants subjected him to cruel and unusual punishment by placing him in full restraints for an extended period of time, among other things. Plaintiff states that he submitted a grievance along with a letter of complaint to the Director of Prisons explaining he was in fear for his life but no action was taken.

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

1

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a

grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

In his complaint, Plaintiff admits that he only petitioned the Director of Prisons rather than follow the prescribed procedure of submitting the grievance at Step One to a Screening Officer for review. See Police and Procedures, Administrative Remedy Procedure, Chapter G, § .0301 et seq.[1] (Compl. at 8). Moreover, it appears that Plaintiff has had three complaints dismissed in this District for failure to state a claim while also being allowed to proceed in forma pauperis. See (3:16-cv-00214-FDW; 5:14-cv-00022-FDW; 5:14-cv-00045-FDW. Section 28 U.S.C. 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has not made the requisite showing that he is under imminent risk of physical injury; therefore his complaint is due to be dismissed.

---

[1] http://www.doc.state.nc.us/dop/policy_procedure_manual/index.htm

Because it plainly appears that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint, and he cannot show imminent risk of serious physical injury, Plaintiff's complaint will be dismissed.

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: December 8, 2016

Frank D. Whitney
Chief United States District Judge