IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00053-FDW

| | |
|---|---|
| WILLIE T. BOBBITT, | ) |
| Plaintiff, | ) |
| v. | ) ) **ORDER** |
| KEVIN INGRAM; FNU PRESELY; FNU SNIPES, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, which he filed pursuant to 42 U.S.C. § 1983 while a prisoner of the State of North Carolina, and his "Motion for Swarn [sic] Statement." (Doc. 12).

Plaintiff contends he was subjected to cruel and unusual punishment while confined as an inmate at Lanesboro Correctional Institution because, for among other things, he was forced into full restraints for an extended period of time, deprived of food and water, and generally subject to humiliating treatment by the defendants. Plaintiff also maintains that he sought informal relief regarding these actions by writing a grievance which he appears to have forwarded along with a letter to the Director of Prisons, but Plaintiff said no action was taken. (Doc. No. 1: Compl. at 7).

Because Plaintiff is a prisoner of the State of North Carolina, he is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The

1

PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

In an order dated December, 2016, Plaintiff was directed to send copies of his Step One, Two and Three responses the Clerk; or a sworn statement to the Clerk explaining why he could not provide those documents. (Doc. No. 8). In a letter filed on December 11, 2016, Plaintiff explains that he "sent in the requested documents along with a summons." (Doc. No. 11 at 2). Plaintiff further explains that he sent a grievance and a letter to the Director of Prisons but no action was taken. (Id.) The Clerk's office has no such record of any of these documents. Recognizing Plaintiff

2

is proceeding pro se, he will be permitted 14-days from entry of this Order to do the following:

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion for Swarn [sic] Statement" is **GRANTED**. (Doc. No. 12).

2. Plaintiff is directed to provide copies of his Step One, Two and Three responses to his grievance regarding the incidents discussed above the Clerk; or a sworn statement to the Clerk explaining why he could not provide those documents, and this must be done within 14-days from entry of this Order.

3. Plaintiff is further directed, within fourteen days from entry of this Order, to provide a copy of the letter he sent to the Director of Prisons; provide the date he sent the letter; the date he filed his initial grievance; and the date his Step Three response was received.

Plaintiff is warned that if he does not comply with this Order his complaint will be **DISMISSED** and without further notice.

**SO ORDERED**.

Signed: January 5, 2017

Frank D. Whitney
Chief United States District Judge